# The People of the State of Illinois, ex rel. Julius U. Pritchard v. Thomas Brenan, et al.

## Gen. No. 11,877.

1. BOARD OF EDUCATION—*power of, to try employes.* The trial of charges against the employes of the Board of Education is with such board and not with the Civil Service Commission, and this notwithstanding such employes may not have been contributors to the school employes' pension fund.

*Mandamus* proceeding. Error to the Circuit Court of Cook County; the Hon. EDWARD O. BROWN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1905. Affirmed. Opinion filed March 6, 1906.

**Statement by the Court.** This writ of error brings before the court a judgment entered in the Circuit Court sustaining a demurrer to a petition for *mandamus* against the Board of Education of the city of Chicago, and dismissing the petition.

The relator, Julius U. Pritchard, sets up in his petition that in October, 1903, he was a civil service employe of the Board of Education, having taken the civil service examination as mechanical engineer; that he performed his duties as engineer of the Graham School until October 16, 1903, at which time he received a notice from the Board of Education suspending him as such engineer. On October 21, 1903, the petitioner received a further notice from the Board of Education to appear for trial before the Committee on Buildings and Grounds, one of the committees of the Board of Education, and he then and there appeared before the committee and was tried, although he protested. The petition asserts that the civil service commission had not authorized the Board of Education to try civil service employes. On October 30, 1903, the petitioner received another communication from the Board of Education notifying him that he was laid off for sixty days from October 15, 1903, without pay, on account of insubordination, at the expiration of which time he would be transferred from the Graham School. The petitioner avers that he was not guilty of insubordination; that he repeatedly tendered his services to the Board of Education; that the position of engineer at the Graham School has not been abolished; that there are sufficient funds to pay for such service, and the Board of Education has prevented the petitioner from performing his duties as such engineer.

By an amendment to the petition it is averred that petitioner has not contributed to the school employes' pension fund created by the legislature in 1903.

The People v. Brenan.

WALTER F. HEINEMANN and EDWIN BEBB, for plaintiff in error; WESTERN STARR, of counsel.

JAMES MAHER and ANGUS ROY SHANNON, for defendants in error.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The question presented by the record is whether a civil service employe, in the service of the Board of Education, and who has not contributed to the school employes' pension fund created under the act of the General Assembly of the State of Illinois passed in 1903, can be tried by the Board of Education for dereliction of duty and punishment imposed therefor; or whether the Civil Service Commission alone has the right and power to try such employe, as contended by plaintiff in error.

The contention of plaintiff in error is based on section 12 of an Act to regulate the Civil Service of Cities approved March 20, 1895. Laws of Illinois 1895, p. 88. (Hurd's R. S. 1903, p. 381.) This section provides:

"No officer or employe in the classified civil service of any city, who shall have been appointed under said rules and after said examination, shall be removed or discharged except for cause, upon written charges and after an opportunity to be heard in his own defense. Such charges shall be investigated by or before some officer or board appointed by said commission to conduct such investigation. *    *    *"

Under this section it is claimed that the Board of Education had no right or power to try the petitioner for the offense and to adjudge the punishment set forth in the petition.

It is further contended on behalf of plaintiff in error that under the powers given by the School Employes' Pension Act of 1903, only contributors to that pension fund can be tried by the Board of Education; and inasmuch as the relator was not a contributor to the fund he could not be tried or removed or disciplined by the Board of Education.

In support of these contentions it is urged that section

16 of the Pension Law of 1903 cannot in any way be construed to mean more than its express words provide; that it comprehends within its provision only those who contribute to the pension fund, and does not affect such employes as do not contribute to the fund, and that the latter employes, therefore, are subject to the provisions of section 12 of the Civil Service Act.

These contentions bring before the court for construction section 12 of the Civil Service Act above mentioned, section 8 of the Teachers & Employes' Pension Act of 1895, and section 16 of the Act of 1903.

In Brenan v. The People, 176 Ill., 620, the court was called upon to decide to what extent employes of the Board of Education came under the provisions of the Civil Service Act in view of the Teachers and Employes' Pension Act passed at the same session of the legislature. While the court held that the two acts are inconsistent so far as the power of removal of employes of the Board of Education is concerned, it was also held that there was no other repugnancy between them, and that effect should be given to the provision of the Pension Act, as the latest expression of the legislative will, and, consequently, that the " Board of Education has the power to investigate and determine charges against its employes and to remove and discharge them, but that in all other respects the Civil Service Act applies to such employes according to its terms."

It remains for us then to determine what effect, if any, section 16 of the Act of 1903 has or was intended to have upon the provisions of the Acts of 1895, so far as it bears upon the question before us.

It is urged in behalf of plaintiff in error that section 8 of the Law of 1895 is inconsistent with section 16 of the Act of 1903, and that, therefore, the latter act repeals the former by implication. With this contention we cannot agree. Nor do we think it can be held that section 8, or that portion of it relating to the investigation and determination of charges by the Board of Education, is repealed by the Act of 1903. So far as the point here involved is concerned, section 16 of the

Act of 1903 is substantially a re-enactment of section 8 of the Act of 1895. Clearly it leaves the trial of charges against employes of the Board of Education with the board where it rested under the Act of 1895.

Finding no error in the decision of the Circuit Court in sustaining the demurrer to the petition, the judgment is affirmed.

*Affirmed.*