## People, ex rel. Vaughn, v. City of Chicago et al.

### Gen. No. 12,860.

This case is controlled by the decision in The People ex rel. Julius U. Pritchard v. Brenan et al., 125 Ill. App. 29.

*Mandamus* proceeding.    Error to the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.    Heard in the Branch Appellate Court at the March term, 1906.    Affirmed. Opinion filed January 15, 1907.

A. D. GASH, for plaintiff in error.

No appearance for defendants in error.

MR. JUSTICE SMITH delivered the opinion of the court.

This writ of error brings before the court for review a judgment of the Superior Court dismissing plaintiff in error's petition for *mandamus* against the city of Chicago, and the members of the board of education of the city of Chicago, praying that a writ of *mandamus* issue to the defendants and the civil service commission, commanding them to forthwith place the name of the petitioner, plaintiff in error, on

the civil list of said city, and upon the roster of car-
penters, and upon the pay-roll of said city.

The court is not favored by any brief or argument
on behalf of defendants in error.

The board of education of the city of Chicago an-
swered the petition. The defendant in error the city
of Chicago failed to answer and was defaulted.

The averments of the petition and the answer of the
board of education of the city of Chicago made evi-
dence of the following stipulated facts competent:
"That the city of Chicago was a corporation; that the
board of education has charge of the schools; that it
has been duly elected and appointed; that the Civil
Service Act was duly adopted; that the commission-
ers were duly appointed, and the office of carpenter
duly classified; that the rules for examinations and
removals were duly made; that petitioner was a citizen
over twenty-one years of age, and resident for more
than two years of Chicago; that he had never been
a defaulter; that he took the examination as alleged;
that he passed with 99.9 per cent. and was duly ap-
pointed to the office, he being the candidate standing
highest upon the register at the time; that he entered
upon his duties as such carpenter, which position he
held either under the city of Chicago or the board of
education from thence until December 9, 1904; that
his appointment was duly certified to the comptroller;
that on December 9, 1904, charges were filed before
the board of education; that notice was furnished peti-
tioner; that on December 23, 1904, said charges came
on for preliminary hearing before the buildings and
grounds committee of said board of education, said
committee having been duly authorized to hear and
determine such charges; upon which hearing unsworn,
oral statements of divers witnesses, including peti-
tioner, and all persons produced by him, were taken
and heard by said committee, upon the conclusion of
which it determined that the charges preferred were
true, and recommended that petitioner be separated

from the service of the board of education; that on January 4, 1905, at its regular meeting, said board of education concurred in, approved and confirmed the finding, and recommended the separation of petitioner from its service, and struck his name from the payroll, and it has not been thereon since; that said board of education insists that petitioner has been separated from its service, and is not entitled to hold any position in its service; that he is not a beneficiary of the pension fund provided for under the statutes of Illinois; that petitioner applied for reinstatement in his position and on the pay-roll and was refused.''

The plaintiff in error asked the court to hold as law:

''(1)   That neither the board of education nor the buildings and grounds committee of said board had authority to hear and determine charges preferred against petitioner, a carpenter of the city of Chicago.

''(2)   That the finding on said charges and discharge of petitioner and separation from the service by the committee and the board of education were illegal and void, and that the prayer of the petition should be granted.

''(3)   That the pretended trial of petitioner before the buildings and grounds committee, having been heard upon unsworn, oral statements only, and not upon sworn testimony, was not a legal hearing, and having been so conducted the said committee proceeded illegally, its finding and decision are void, and the prayer of the petition should be granted.''

The court refused to hold said propositions.   Errors are assigned on the rulings of the court thereon and upon the judgment of the court.

In deciding The People ex rel. Julius U. Pritchard v. Brenan et al., 125 Ill. App. 29, we held that the act of 1903 did not repeal section 8 of the Teachers and Employes Pension Act of 1895 by implication, and, therefore, the trial of charges against employes of the

board of education is left with the board where it rested under the Act of 1895. The decision in that case is applicable to this case, and must control it.

The judgment of the Superior Court is affirmed.

*Affirmed.*